IN THE DIAMOND STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOE BAILEY** § | |
| § | |
| § | CIVIL NO._____ |
| **VS.** § | |
| § | |
| § | |
| § | |
| **DIAMOND OFFSHORE DRILLING, INC.** § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

**I. JURISDICTION AND PARTIES**

1. Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

   (a) a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on February 7, 2014.

   (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, Joe Bailey, is a citizen of the United States and the State of Texas who resides in Gregg County, Texas.

4. Defendant, DIAMOND OFFSHORE DRILLING, INC. (hereinafter "DIAMOND") has continuously been and is doing business in Houston, Texas at 15415 Katy Freeway, Suite 100, Houston, Texas 77094-1810. DIAMOND may be served by delivering a copy of the Complaint to its

registered agent for service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

5. DIAMOND is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

6. DIAMOND is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. DIAMOND employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

8. Plaintiff was employed by DIAMOND OFFSHORE DRILLING, INC. as a crane operator/deck supervisor on off shore drilling rigs. Plaintiff was hired in January 2000 and learned he had been terminated on June 23, 2015 when he found out his health insurance was cut off.

9. At the time Plaintiff was hired he had a diagnosis of type 2 diabetes. Plaintiff's diabetes was substantially controlled by medication.

10. In August 2014, Plaintiff had a diabetic seizure on an offshore drilling rig off the coast of Indonesia. Plaintiff was hospitalized in Indonesia and in Japan before he returned to his home in Kilgore, Texas. After his blood sugar was stabilized, Plaintiff returned to work for DIAMOND in the Mississippi shipyard as a crane operator. After a three week hitch, Plaintiff was told to see the company doctor in New Orleans. Dr. Brian Bourgeois examined Plaintiff and removed him from any off shore work. Dr. Bourgeois also gave Plaintiff a to-do list for him to return to his off shore position, which included electronic blood monitoring devices and an insulin pump. When Plaintiff was returned to work, he was only allowed to work as a deck hand with no crane operation allowed.

11.     On December 23, 2014, while Plaintiff was painting a rig in the shipyard in Mississippi, he had a low blood sugar episode.  After medical treatment, Plaintiff was sent home and the safety man told him to file for short term disability benefits.

12.     Between December 2014 and June 2015, Plaintiff was seen by his personal physician, Dr. Roshan, who gave Plaintiff a full duty release to work on June 21, 2015, which was faxed by his office to DIAMOND.  Meanwhile in May of 2015, Plaintiff was seen by Dr. Bourgeois in New Orleans.  Dr. Bourgeois refused to release Plaintiff to return to full duty work.  After the visit with Dr. Bourgeois, Laura Frazier with human resources told Plaintiff that since the company doctor had not released him to work off shore, there was no job available for him with DIAMOND.

### III. CLAIMS FOR RELIEF

#### (A) Americans with Disabilities Act

16.     From the time of Plaintiff's diagnosis, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and is regarded by DIAMOND as having such an impairment.

17.     Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).  More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job as a Dispatcher at DIAMOND.

18.     DIAMOND's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment.  DIAMOND's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

19.     DIAMOND failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

20.     In failing to make reasonable accommodation to Plaintiff's physical disability, DIAMOND acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

## IV. DAMAGES

21.     As a direct and proximate result of DIAMOND's discrimination on the basis of disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

22.     Plaintiff would show that Defendant intentionally violated the ADA and is therefore liable to Plaintiff for liquidated damages.

23.     Defendant's failure to make reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

24.     Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of his disability. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

25.     Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's state-protected rights, thus Plaintiff seeks exemplary damages.

26.     Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 626.

27.     Plaintiff demands trial by jury.

## V. RELIEF REQUESTED

28.     Plaintiff requests the judgment of this Court against Defendant, DIAMOND as follows:

    (a)     Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of his disability;

(b) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

(c) Order that DIAMOND reasonably accommodate Plaintiff;

(d) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(e) Enjoin DIAMOND from any further prohibited discrimination against Plaintiff;

(f) Requiring Defendant pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

(g) Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action; and

(h) Grant such other and further relief as may be just and proper.

Respectfully submitted,

___/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF